# In the United States District Court for the Southern District of Georgia Brunswick Division

FILED
U.S. DIST. COURT
BRUNSWICK DIV.
2005 SEP 20 A 9 47
CLERK

| | |
|---|---|
| WILDERNESS WATCH and PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY,<br><br>Plaintiffs,<br><br>v.<br><br>FRAN P. MAINELLA, Director, National Park Service; UNITED STATES DEPARTMENT OF THE INTERIOR; JERRE BRUMBELOW, Superintendent, Cumberland Island National Seashore; and GREYFIELD INN, CORP.,<br><br>Defendants. | CIVIL ACTION<br><br><br><br><br><br><br><br><br><br><br><br><br><br>NO. CV202-093 |

## O R D E R

Plaintiffs filed a Motion For Attorneys' Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C.A. § 2412(d). On July 6, 2005, the Magistrate Judge issued a report in which he recommended that the motion be granted, and that Plaintiffs be awarded attorneys' fees in the amount of $152,528.40, and costs in the amount of $6,365.52. Plaintiffs

and Defendants have both filed objections. Having reviewed the Magistrate Judge's report, and the parties' objections thereto, the Court adopts, in part, the Magistrate Judge's recommendations.

## DISCUSSION

### I. Objections

Plaintiffs assert seven objections to the Magistrate Judge's Report and Recommendation.[1] Specifically, Plaintiffs contend that the Magistrate Judge erred by: (I) denying their fee application for work performed on the District of Columbia District Court case; (ii) reducing the hourly rate to $150/hour; (iii) reducing the time spent in preparing the complaint; (iv) reducing the time spent on the preliminary injunction motion by half; (v) denying their fee application for time spent on the fee petition supplement; (vi) reducing the award by 10% for overstaffing; and (vii) denying their request for travel expenses for a client representative to attend oral arguments in the Eleventh Circuit Court of Appeals.

---

[1] Plaintiffs also have advised the Court that the costs incurred while venued in the Southern District of Georgia were $6,487.80, not the $3,127.76 inadvertently reported in the supplemental statement, for a total cost of $10,094.16.

Defendants similarly have filed objections to the Magistrate Judge's Report and Recommendation. Defendants contend that the Magistrate Judge erred in concluding that Plaintiffs are entitled to fees on the Plum Orchard and Federal Advisory Committee Act ("FACA") claims, as well as the fees associated with the Plaintiffs' voluntarily withdrawn preliminary injunction.

## II. Part of Magistrate Judge's Report and Recommendation Adopted by the Court

Having reviewed the parties' objections, the Court adopts, in part, the Report and Recommendation of the Magistrate Judge. The Court adopts the Magistrate Judge's conclusions that Plaintiff is not entitled to: (I) fees relating to work done on the District of Columbia District Court case; (ii) fees at its normal hourly rate; (iii) fees for preparing the fee petition supplemental statement; and (iv) cost of the plane ticket for a party representative's attendance at the Court of Appeals oral argument.

### III. Plaintiffs Not "Prevailing Party" in the Plum Orchard and FACA Claims, and the Preliminary Injunction Motion

The Court does not, however, adopt the Magistrate Judge's conclusion that Plaintiffs were the "prevailing party" on the Plum Orchard and FACA claims, as well as on the preliminary injunction motion. Under the EAJA, the prevailing party is entitled to "fees and other expenses . . . incurred by that party in any civil action . . ., brought by or against the United States in any court having jurisdiction of that action[.]" 28 U.S.C.A. § 2412(d)(1)(A).

> '[F]ees and other expenses' includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees.

28 U.S.C.A. § 2412(d)(2)(A). "[P]aralegal time is recoverable as part of a prevailing party's award for attorney's fees and expenses, but only to the extent that the paralegal performs work traditionally done by an attorney." Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988) (internal punctuation and citation omitted). However,

> attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

4

28 U.S.C.A. § 2412(d)(2)(A)(ii).

Judicial relief on the merits of the claim is necessary in order to be the "prevailing party". The Supreme Court held in Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Servs., 532 U.S. 598, 600, 121 S. Ct. 1835, 1838, 149 L. Ed.2d 855 (2001), that a party that "has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct" cannot be considered the "prevailing party" within the meaning of certain statutes[2] allowing courts to award attorney's fees and costs to the "prevailing party". The Court reasoned that

> [a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change. Our precedents thus counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees without a corresponding alteration in the legal relationship of the parties.

Buckhannon, 532 U.S. at 605, 121 S. Ct. at 1840.

Buckhannon has not been applied to cases in this Circuit involving the recovery of attorney's fees by the prevailing party under the EAJA. See Johnson v. Fla., 348 F.3d 1334, 1354

---

[2] The statutes at issue in Buckhannon were the Fair Housing Amendments Act of 1988, 42 U.S.C.A. § 3601, *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101, *et seq.*

5

n.19 (11th Cir. 2003) (acknowledging the existence of Buckhannon and the EAJA but declining to address the party's EAJA argument because it was not raised prior to appeal). However, other courts have recognized that the Buckhannon decision applies to the EAJA. See Doe v. Boston Pub. Sch., 358 F.3d 20, 26 (1st Cir. 2004) (noting that the Buckhannon court referenced the "complex fee-shifting provision" in the EAJA by citing to the appendix in Marek v. Chesny, 473 U.S. 1, 49, 105 S. Ct. 3012, 87 L. Ed.2d 1 (1985)); Union of Needletrades, Indus. & Textile Employees, AFL-CIO, CLC v. United States Immigration & Naturalization Serv., 333 F.3d 200, 205 (2nd Cir. 2003) (recognizing that Buckhannon has been applied to the EAJA by the Ninth Circuit); Johnson v. Gonzales, ___ F.3d ___, 2005 WL 1713076, at *3 (3rd Cir. July 25, 2005) (holding that alien whose petition for review of a Board of Immigration Appeals' ("BIA") decision is granted by the Court of Appeals and whose case is then remanded to the BIA is a prevailing party under the EAJA); Perez-Arellano v. Smith, 279 F.3d 791, 794 (9th Cir. 2002) (noting that the Supreme Court's decision in Buckhannon sweeps more broadly than just the two statutes involved in that case, and its reasoning is "persuasively applicable" to an award of attorney's fees under the EAJA); Scherer v. United

AO 72A
(Rev. 8/82)

States, 88 Fed. Appx. 316, 320 (10th Cir. 2004) (explaining that the catalyst theory is not a viable theory of recovery under numerous federal statutes, such as the EAJA, which provide for an award of costs and/or attorneys' fees to the prevailing party and that to be a prevailing party, a litigant must obtain a material alteration of the legal relationship between the parties, which requires judicial relief); Thomas v. Nat'l Sci. Found., 330 F.3d 486, 493 (D.C. Cir. 2003) (stating that the principles underscoring the Buckhannon decision reveal that the parties are not prevailing parties under the EAJA); Akers v. Nicholson, 409 F.3d 1356, 1359 (Fed. Cir. 2005) (reasoning that the Buckhannon case sets forth several standards to identify a prevailing party, such as a judicial action that changes the legal relationship between the parties on the merits of the claim); Coliseum Square Ass'n, Inc. v. Martinez, 2004 WL 551217, at *7 (E.D. La. 2004) (noting that the Buckhannon holding applies with equal force to cases in which attorneys' fees are sought under the National Environmental Protection Act through the EAJA).

While the Eleventh Circuit has not directly addressed this issue, guidance may be gleaned from the Circuit's analysis of a different fee-shifting provision. See Loggerhead Turtle v.

7

The County Council of Volusia County, 307 F.3d 1318 (11th Cir. 2002) (evaluating fee provision of Endangered Species Act ("ESA")). In Loggerhead Turtle, the plaintiffs challenged, *inter alia*, beachfront lighting ordinances alleged to harm sea turtles. After the case was filed, the defendant amended its lighting ordinances, making the issue moot. Id. at 1321. The district court granted plaintiffs' request for attorneys' fees based on the argument that their suit was the catalyst for improved protection of sea turtles, and the defendants appealed. Id.

In concluding that Buckhannon did not invalidate the catalyst test as a basis for fee awards under the ESA, the circuit court distinguished between "whenever . . . appropriate" and "prevailing party" fee-shifting statutes. Id. at 1325. Specifically, the court emphasized that the ESA's fee-shifting provision provides that courts may award attorneys' fees "whenever the court determines such award is appropriate." Id.; 16 U.S.C. § 1540(g)(4). The court found that, unlike the "prevailing party" language at issue in Buckhannon, Congress intended that "whenever . . . appropriate" "extended to suits that forced defendants to abandon illegal conduct, although without a formal court order." 307 F.3d at

8

1326 (citations omitted). The court further reasoned that Buckhannon addressed only the meaning of "prevailing party," a "legal term of art" that the Court found to have a "rather clear meaning." Id. (internal citations omitted). Such analysis implies that Buckhannon should be applied similarly to all "prevailing party" statutory analyses.

The Court concludes that Plaintiffs were not the "prevailing party" on the Plum Orchard and FACA claims, as well as on the preliminary injunction motion. The National Park Service voluntarily ceased all motorized tours to Plum Orchard, and the Court found this claim to be moot. (Doc. No. 80, p. 10.) This is hardly the judicial imprimatur necessary to deem Plaintiffs the prevailing party on this claim. Additionally, the Court found in favor of the Defendants on the FACA claim, which is unrelated to Plaintiffs' successful Settlement claims (Doc. No. 80, p. 15), and the Eleventh Circuit declined to address the claim on appeal, Wilderness Watch v. Mainella, 375 F.3d 1085, 1096 n.12 (11th Cir. 2004). Thus, Plaintiffs, likewise, did not prevail on that claim. Finally, Plaintiffs' voluntary withdrawal of their preliminary injunction motion does not constitute the judicial relief necessary for recovery of attorneys' fees. Accordingly, the award of attorneys' fees

9

recommended by the Magistrate Judge in the amount of $152,528.40 will be modified.

IV. **Reductions**

Plaintiffs assert that they are entitled to recover fees based on 1,295.25 hours on issue litigation and 168.5 hours on fee litigation, for a total of 1,463.75 hours. (Doc. No. 129, pp. 10, 15.) Based on the foregoing, the Court finds that the total number of hours spent on this case should be reduced by:

- (i) 197.75 hours for time devoted to this case while it was pending in the District Court for the District of Columbia;

- (ii) 187.90 hours for time spent on Plaintiffs' voluntarily withdrawn preliminary injunction motion (Doc. No. 129, p. 3);

- (iii) 142.67 hours for work performed on the unsuccessful FACA claim;

- (iv) 87.80 hours for work performed on the unsuccessful Plum Orchard claim;

- (v) 12.5 hours for work performed on Plaintiffs' supplement to their fee petition (Doc. No. 129, p. 15); and

- (vi) 66.84 hours[3] for work performed on the unsuccessful FACA and Plum Orchard claims and included in the hours devoted to "all issues,"

---

3 Based on Plaintiffs' assertion that their attorneys devoted 318.28 hours to "all issues" in this Court and in the Court of Appeals, (Doc. No. 129, p. 10), and that 21% of the time was spent on their unsuccessful FACA and Plum Orchard claims, (Doc. No. 129, p. 9).

10

for a total of 695.46 hours.

**COSTS**

Plaintiffs contend that they are entitled to recover $10,094.16 in costs. In addition to a reduction on attorneys' fees based on the fact that Plaintiffs are not prevailing parties within the meaning of the EAJA, Plaintiffs' costs associated with litigating this claim similarly must be reduced. See 28 U.S.C.A. § 2412(d)(2)(A). Thus, the award for costs is reduced by $2,530.25, the amount Plaintiffs assert they expended on their voluntarily withdrawn motion for preliminary injunction. (Doc. No. 129, p. 4.) Additionally, the Court adopts the Magistrate Judge's conclusion that Plaintiffs failed to establish the necessity of the party representative's presence at oral argument and, thus, reduces the award of costs by $368.60, for a total reduction of costs in the amount of $2,898.85.

AO 72A
(Rev. 8/82)

**CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion For Attorneys' Fees (Doc. No. 115) is **GRANTED**. Plaintiffs are awarded attorneys' fees in the amount of $115,243.50 and costs in the amount of $7,195.31.

**SO ORDERED**, this 19 day of September, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)